UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DONALD and LEILANI KILPATRICK, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>TAYLOR, BEAN and WHITAKER MORTGAGE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEM ("MERS"); BANK OF AMERICA, N.A.; NORTHWEST TRUSTEE SERVICES, INC.; JOHN DOES NOS. 1-50,<br><br>Defendants. | NO. **CV-13-265-LRS**<br><br>**ORDER GRANTING MOTION TO DISMISS** |

**BEFORE THE COURT** is the Motion To Dismiss (ECF No. 8) filed by Defendants Mortgage Electronic Registration Systems, Inc., and Bank of America, N.A., in which Defendant Northwest Trustee Services, Inc., joins (ECF No. 12). The motion is heard without oral argument.

Plaintiffs have not filed a response to the motion and the time has long passed for doing so. LR 7.1(b)(2)(B) (21 days after filing of a dispositive motion). Defendants' motion was filed on July 29, 2013, and therefore, any response was due no later than August 19, 2013. Per LR 7.1(d), the failure to comply with the requirements of LR 7.1(b) "may be deemed consent to entry of

**ORDER GRANTING
MOTION TO DISMISS-        1**

1  an Order adverse to the party who violates these rules."

2  When evaluating the sufficiency of a complaint, a court is not required
3  "to accept as true allegations that are merely conclusory, unwarranted
4  deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*,
5  536 F.3d 1049, 1056-57 (9th Cir. 2008). Although they may provide the
6  framework of a complaint, legal conclusions are not accepted as true and
7  "[t]hreadbare recitals of elements of a cause of action, supported by mere
8  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129
9  S.Ct. 1937, 1949-50 (2009). Factual allegations must be enough to raise a right
10 to relief above the speculative level, on the assumption that all the allegations
11 in the complaint are true (even if doubtful in fact). *Bell Atl. Corp. v. Twombly*,
12 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). "A complaint must contain
13 sufficient factual matter, accepted as true, to state a claim to relief that is
14 plausible on its face." *Iqbal*, 129 S.Ct. at 1949. "A claim has facial plausibility
15 when the plaintiff pleads factual content that allows the court to draw the
16 reasonable inference that the defendant is liable for the misconduct alleged."
17 *Id*.

18 For the reasons set forth in Defendants' motion, Plaintiffs' Complaint
19 fails to meet the aforementioned standards. The factual allegations in the
20 Complaint are conclusory and insufficient to raise a right to relief above the
21 speculative level. Principally for this reason, and in light of the fact
22 Defendants have not filed a response, Defendants' Motion To Dismiss (ECF
23 No. 8) is **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(6). Although counsel
24 has not appeared on behalf of Defendant Taylor, Bean and Whitaker Mortgage
25 Corporation and therefore, it has not joined in the Motion To Dismiss, it too is
26 dismissed as a Defendant. The factual allegations in the Complaint are
27 conclusory and insufficient to raise a right to relief above the speculative level

**ORDER GRANTING**
**MOTION TO DISMISS-**            2

as to any of the named Defendants.  Plaintiff's Complaint is **DISMISSED** with prejudice and without leave to amend.

**IT IS SO ORDERED**.  The District Executive is directed to enter this order and forward copies to counsel.  The file shall be **CLOSED**.

**DATED** this ___17th___ of September, 2013.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

**ORDER GRANTING
MOTION TO DISMISS-**                3